**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ELYZABYTH J. HESTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO.  1:20-cv-1501 |
| | ) | |
| CATALENT INDIANA, LLC, | ) | |
| | ) | |
| Defendant | ) | |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND
REQUEST FOR TRIAL BY JURY***

### *I.  INTRODUCTION*

Plaintiff Elyzabyth J. Hester ("Hester") is pursuing sex discrimination, harassment and retaliation claims under Title VII of the Civil Rights Act of 1964 against Defendant Catalent Indiana, LLC ("Catalent"). Catalent discriminated and retaliated against Hester by suspending Hester from work on September 28, 2019 and terminating Hester's employment on or before October 9, 2019. Catalent discriminated against Hester, retaliated against Hester, created a hostile work environment for Hester, suspended Hester and, ultimately, terminated Hester because her Catalent trainers, supervisors and coworkers learned that Hester is gay and that she was engaged to be married to a woman.  The Seventh Circuit has held that a person who alleges that she experienced employment discrimination on the basis of her sexual orientation or her failure to conform to a gender stereotype has put forth a case of sex discrimination for Title VII purposes.  See *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339 (7th Cir. 2017).

### *II.  FACTUAL ALLEGATIONS*

1.      Catalent hired Hester through a temporary employment services company called

1

Resource MFG to work as an inspector at Catalent's Bloomington, Indiana facility.  Hester

began her employment on or about September 3, 2019.  Catalent manufactures and produces

pharmaceutical products and technologies.  In her first week, Hester attended group orientation

and training with approximately 25 or so newly hired employees.  After that first week, Hester

was assigned to work on the second shift.  She and three male newly hired employees were

assigned to more training and testing on the second shift.  Hester's problems began almost

immediately after she was assigned to her second shift on the job training.

2.      Hester's two trainers were female Catalent employees named Jenny and Jovi.

The three male newly-hired employees were named Malcolm, Walter and Lance.  During this

initial training on the second shift, Hester and the new employees spent their first days

reviewing Catalent policies and procedures.  The hands-on training with Jenny and Jovi began

thereafter.  Early during this training, the trainers heard Hester mention that she was engaged

to be married.  The trainers asked "what's his name," and Hester responded by telling her

trainers "her name is Stephanie."  Learning that Hester was gay and engaged to be married to

another woman, the trainers became immediately uncomfortable with Hester and shortly

thereafter, became hostile toward her in comments and behavior.

3.      After learning Hester was gay, the trainers, Jenny and Jovi, treated Hester

differently and far worse than the three males they were training.  Jenny and Jovi began to

harshly criticize Hester for her work and evaluated her far more critically and severely than the

males, even when Hester was succeeding in learning the job and actually earning better scores

on graded tests than the male trainees.  Jenny and Jovi would angrily grab items (e.g., drug

vials) from Hester's hands.

2

4.      Hester was actually learning the job and was passing Catalent's graded tests. On many of the tests, Hester earned scores of 100%. Hester was doing as well or better than the male trainees in her training and on the graded tests. However, trainers Jenny and Jovi criticized Hester while they helped and praised the male trainees in the same circumstances.

5.      Additionally, Hester observed occasions where Jenny and Jovi sat during lunch breaks with other Catalent coworkers and, during conversation, the group would look over at Hester in a way that let Hester know she was being discussed. Some of that group of women began using homophobic slurs such as "dyke" toward Hester and in Hester's hearing and began making comments and asking questions about Hester's fiancé. Hester's treatment by Jenny and Jovi eventually led Hester to make complaints about Jenny and Jovi to her Catalent supervisors (whose names were Lamar and Nicholas) and to one of her Resource MFG supervisors named Justin. Nothing was done to investigate or to cure the hostile work environment. The two Catalent supervisors, Lamar and Nicholas, simply ceased to speak with Hester after she made her complaint.

6.      On September 28, 2019, the Catalent supervisor named Lamar ordered Hester to leave her work area and took her to a meeting with another Catalent supervisor named Scott. The supervisors told Hester to hand over her badge and told her to clean out her locker. Hester was told that someone from Catalent would call her on Monday. Hester asked Lamar if she was being fired and Lamar responded, "I didn't say that. I'm following protocol." Lamar then walked Hester out of the Catalent facility. That was the last day Hester worked. At that moment, she knew she had been sent home and suspended.

7.      Despite the promise to do so, no one from Catalent phoned Hester on the

Monday (believed to be September 30, 2019).  No one from Resource MFG called, so Hester began calling Resource MFG contacts to learn if she could go back to work or if she had a job with Catalent at all.  Hester's primary contact at the Bloomington Resource MFG office was a woman named Lexi.  Hester told Lexi that the Catalent trainers and supervisors had discriminated against her because she is gay and that they targeted her.  Eventually, on October 9, 2019, Hester was told by Lexi at Resource MFG that Catalent had fired her.

8.      Catalent discriminated against Hester because she is gay.  It allowed a hostile work environment exist - one that included homophobic slurs and open hostility.  Hester was treated less favorably in training, in treatment by trainers and supervisors, and in decisions to suspend and terminate her employment.  Adverse actions against her increased when she complained about the discrimination to Catalent and Resource MFG supervisors.

9.      Hester is pursuing claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964.  She is seeking all available damages, equitable relief, injunctive relief, and payment of her attorney's fees, costs and expenses.

### III.  JURISDICTION AND VENUE

10.      This Court has jurisdiction over Hester's Title VII claims under 28 USC § 1331, as those Title VII claims raise questions of federal law.

11.      This Court is the appropriate venue for this cause of action as Hester worked for Catalent in Monroe County, Indiana, and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

### IV.  ADMINISTRATIVE PROCEDURES

12.      Hester has complied with all of the administrative procedures that are conditions

precedent to the filing of this lawsuit.  Hester received her Notice of Right to Sue from the Equal

Employment Opportunity Commission dated May 22, 2020.

## V.  STATEMENT OF CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

13.     Hester alleges and incorporates herein by reference paragraphs 1 through 12

above.

14.     As detailed above, Catalent is liable for discriminating against Hester, for

retaliating against Hester, for allowing a hostile work environment exist to Hester's detriment,

particularly when the work environment was being made hostile by trainers and supervisors who

were homophobic, by failing to respond to Hester's reports and complaints about discrimination

against her, and for suspending and then terminating Hester from employment, all in violation of

Title VII of the Civil Rights Act of 1964.  Catalent has intentionally and knowingly violated

Hester's protected rights under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*.


15.     As a direct and proximate result of Catalent's discriminatory and retaliatory

practices, Hester has found it necessary to retain the services of an attorney and is therefore

entitled to her reasonable attorney's fees, costs and expenses in this matter.

16.     Hester is seeking from Catalent any and all available damages under Title VII,

including, but not limited to, all back pay and benefits, front pay and benefits, all available

compensatory and punitive damages, her attorney's fees, expenses and costs, and any and all

other equitable relief available to Hester.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Hester respectfully requests that the Court enter judgment against

Catalent, and issue to her all available relief, including, but not limited to, the following:

1.     All damages available under Title VII of the Civil Rights Act of 1964, including

all back pay and benefits, front pay and benefits, all available compensatory

damages, all available punitive damages, any and all other equitable relief, and

payment of her reasonable attorney's fees, costs and expenses;

2.     All reasonable attorney's fees and expenses;

3.     Costs;

4.     Prejudgment interest, if available; and

5.     Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

### REQUEST FOR TRIAL BY JURY

Comes now Plaintiff Elyzabyth J. Hester, by counsel, and requests a trial by jury on all

issues which may be tried to a jury.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By   /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.

6

Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net